UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------------------------X
DAVID GOLDBERG,

                              Plaintiff,

Civil Action No.

-against-

**COMPLAINT**

BRIGGS OF PHILADELPHIA, INC., BRIGGS
OF PHILADELPHIA, INC., individually and
d/b/a FAT TUESDAY,
FAT TUESDAY - PHILADELPHIA, L.P.,
and TROY MITCHELL, individually,

Plaintiff Demands A
Trial by Jury

                              Defendants.
-------------------------------------------------------------------------------X

Plaintiff, DAVID GOLDBERG, as and for his Complaint against the above Defendants, BRIGGS OF PHILADELPHIA, INC., BRIGGS OF PHILADELPHIA, INC. Individually and d/b/a FAT TUESDAY, FAT TUESDAY-PHILADELPHIA, L.P., and TROY MITCHELL, respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")) and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, discriminated against on the basis of gender.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under the Title VII of the Civil Rights Act.

3. Venue is proper in this district based upon Defendants' principal place of business within the County of Philadelphia, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the Defendants' conduct business and the events took place in Philadelphia, Pennsylvania within the Eastern District of Pennsylvania.

4. On or about June 20, 2016, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. Plaintiff's claim was dual filed and is currently pending with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Rights.

6. Plaintiff's claims with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Rights are not yet ripe for suit because the administrative processes have not been completed.

7. On or about August 24, 2016, the Equal Employment Opportunity Commission issued Plaintiff his Right to Sue.

8. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

**PARTIES**

9. Plaintiff DAVID GOLDBERG (hereinafter also referred to as Plaintiff and "GOLDBERG") is an individual male who is a citizen of and resides in Philadelphia County, in the Commonwealth of Pennsylvania.

10. That at all times herein mentioned, Defendant BRIGGS OF PHILADELPHIA, INC. was and still is a foreign business corporation organized and existing by virtue of the laws of

the State of Louisiana and authorized to conduct business in the Commonwealth of Pennsylvania.

11. At all times material, Defendant BRIGGS OF PHILADELPHIA, INC. did and does business as FAT TUESDAY.

12. That at all times herein mentioned, Defendant FAT TUESDAY - PHILADELPHIA, L.P. was and still is a domestic limited partnership organized and existing by virtue of the laws of the Commonwealth of Pennsylvania.

13. At all times material, Defendant BRIGGS OF PHILADELPHIA, INC., Defendant BRIGGS OF PHILADELPHIA, INC. individually and d/b/a FAT TUESDAY and Defendant FAT TUESDAY - PHILADELPHIA, L.P. (hereinafter collectively referred to as "FAT TUESDAYS") jointly own and operate a business located at 431 South Street, Philadelphia, Pennsylvania 19147.

14. At all times relevant, Defendants FAT TUESDAYS were joint and single employers of Plaintiff.

15. According to their own website, Defendants FAT TUESDAYS began their business in the 1980's when "David Briggs, Jr. began evaluating opportunities within the restaurant and bar business [....] Briggs set out to revolutionize the frozen drink business by developing a variety of premium frozen drink products" Additionally, Defendants state, "Fat Tuesday, a sister concept of New Orleans Original Daiquiris, was launched in 1984 with the opening of the first retail unit in Atlanta, Georgia. Fat Tuesday units generally have fun food items to complement the featured frozen specialty drinks. The concept has grown into an international phenomenon with over 20 retail units throughout the United States, Mexico, Puerto Rico and Honduras in cities such as Miami, Key West, Las Vegas,

Cozumel, San Juan and Roatan. It has proven to be marketable in all types of environments and it has few demographic and geographic boundaries."

16. That at all times material, Defendant TROY MITCHELL (hereinafter "MITCHELL") was an employee of Defendants.

17. That at all times material, Defendant MITCHELL was a Manager for Defendants at the above Philadelphia location.

18. That at all times material, Defendant MITCHELL had supervisory authority over the Plaintiff.

## MATERIAL FACTS

19. On or around March 9, 2016, Defendants hired Plaintiff as a bouncer at the above Philadelphia location. Defendant MITCHELL sent Plaintiff a text message stating "Your all good ! Hit me up so we can get you in to train."

20. On or around March 9, 2016, at or around 7:00 P.M., Plaintiff arrived at Defendants' bar on South Street to begin training.

21. Throughout Plaintiff's shift, Defendant MITCHELL refused to provide Plaintiff with the specific details of his employment, including Plaintiff's salary, hours, and pay schedule.

22. On multiple occasions throughout the evening, Plaintiff informed Defendant MITCHELL that Plaintiff had previous bar tending skills and training. Plaintiff informed Defendant MITCHELL that he would be interested in working as a bartender.

23. Without considering this possibility, Defendant MITCHELL stated that Plaintiff would never be a bartender at Defendants' bar because Defendant MITCHELL refused to hire male bartenders.

24. Upon information and belief, despite the presence of multiple male bartenders, Defendants had a moratorium or policy that prohibits the hiring of additional male bartenders.

25. At or around 1:45 A.M., following Plaintiff's first shift as a bouncer, as Defendants were closing for the evening, Defendant MITCHELL offered to show Plaintiff around the bar.

26. After this brief tour, Defendant MITCHELL lead Plaintiff into his office to finally discuss the details of Plaintiff's employment with Defendants. As a new hire, Defendant MITCHELL gave Plaintiff the employee T-shirt and advised his salary would be $10.00/hour.

27. While in the office, Defendant MITCHELL wrongfully exposed Plaintiff to numerous offensive and sexual photographs placed throughout the office of naked and/or barely dressed women.

28. Plaintiff was visibly offended.

29. These photographs of naked and/or scantily clad women created a hostile work environment towards women.

30. In addition, the above pictures demonstrate Defendants' objectifying of women and seeing them and sexual objects.

31. The pictures further evidence Defendants' rationale for having only women bartenders because they want to capitalize on the sexuality of attractive women to the exclusion of male candidates for bartender positions.

32. Noticeably uncomfortable, Plaintiff excused himself and went home.

33. On or around March 11, 2016, Plaintiff arrived at work in order to complete necessary new hire paperwork and begin Defendant's required training. Upon arriving, Defendant MITCHELL again

directed Plaintiff to his office, where Defendant MITCHELL instructed Plaintiff to complete the paperwork.

34. Again, Plaintiff was wrongfully exposed to sexually graphic images mounted on the office walls.

35. Again, Plaintiff was highly offended by the photos, especially in conjunction with defendants' refusal to hire male bartenders.

36. On or around March 12, 2016, Defendants constructively discharged Plaintiff. Defendants made conditions so unbearable for Plaintiff that no reasonable person in Plaintiff's shoes would have been expected to continue working under such conditions.

37. Furthermore, Defendants failed to hire Plaintiff as a bartender because he is male.

38. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

39. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

40. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

41. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages.

42. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

43. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. Title VII states in relevant parts as follows: SEC. 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

46. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e *et seq.*, by discriminating against Plaintiff because of his sex/gender.

47. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory

damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the

Court deems just and proper.


Dated:  Philadelphia, Pennsylvania
        October 15, 2016

                                      DEREK SMITH LAW GROUP, PLLC
                                      Attorneys for Plaintiffs

                               By: _____
                                    Derek T. Smith, Esq.
                                    1845 Walnut Street, Suite 1600
                                    Philadelphia, Pennsylvania 19103
                                    (215) 391-4790